■ YORKTOWN PRINTING & PENNYSAVER CORPORATION, Appellant-Respondent, v NATIONAL PENNYSAVERS, INC., Respondent-Appellant.—In an

action, *inter alia,* to enjoin defendant from "publishing and distributing Pennysaver Publications in the County of Westchester," the parties cross-appeal from stated portions of a judgment of the Supreme Court, Westchester County, dated September 29, 1977, which adjudged, after a nonjury trial, *inter alia,* that defendant may solicit advertising from potential customers located in the area in which plaintiff distributes its publication for publication outside that area. Judgment modified, on the law, by adding to the second decretal paragraph thereof, after the word "areas," the following "except as the word 'Pennysaver' is used as part of defendant's corporate name." As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. Each party publishes and distributes a free shopping publication that employs the word "Pennysaver" in its title. Each party stipulated, however, that it distributes its publications over a different geographical area than the other, aside from one disputed area. Under the doctrine of unfair competition, plaintiff established that it was entitled to have defendant restrained from the use of the name "Pennysaver" in the area in which it had distributed its publication, beginning as early as 1958. Plaintiff contends, however, that it is also entitled to protection from the solicitation of advertising by defendant from merchants located in the area in which it distributes its publication, even though the advertising will appear in a publication distributed in a different area. The Special Term refused this protection "in the absence of actual deceptive practices or practices likely to cause confusion". Plaintiff blurs a critical distinction: there are two relevant market areas involved here. An advertisement placed with plaintiff by a merchant who seeks to reach the public in northern Westchester County does not compete with an advertisement given to defendant by the same merchant for readers in southern Westchester County. The cases cited by plaintiff are inapposite for a situation which does not involve competition for the same market. Indeed, evidence that the markets are distinct was given by plaintiff's president, who testified that there had been no change in the number of merchants who advertised in plaintiff's publications after the solicitation of those merchants by defendant. We have modified the judgment so as to provide that no material sent by defendant into plaintiff's defined geographical areas may use the word or name "Pennysaver", except as that word is used as part of defendant's corporate name. We have done so to promote clarification. Defendant may not exploit the word "Pennysaver" in the geographical area it stipulated was plaintiff's area of distribution when it solicits advertising for its publication distributed elsewhere. If defendant is unable to solicit advertising from merchants without such exploitation, then it will thereby have proven plaintiff to be correct. Suozzi, J. P., Gulotta, Cohalan and Margett, JJ., concur.